[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10827
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00024-WTM-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE ADAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 9, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Mike Adams appeals *pro se* the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his 215-month sentence, imposed following his conviction for conspiracy to distribute a quantity of crack cocaine and a quantity of powder cocaine, pursuant to Amendment 750 to the U.S. Sentencing Guidelines. The district court denied Adams's motion on the basis that his total offense level was determined by his career offender designation. On appeal, Adams argues that the district court erred in denying his § 3582(c)(2) motion because he was sentenced under the Drug Quantity Table, not the career offender provisions, and therefore Amendment 750 applies to lower his guidelines range.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Generally, in considering a motion for a sentence reduction, the district court must engage in a two-part analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the defendant's sentence under the amended guidelines, determining a new base offense level by substituting the amended guidelines range for the originally applied guidelines range, and then use that new base offense level to determine what ultimate sentence the court would have imposed. *Id.* Only the amended guideline is changed, and all other guideline application decisions made during the original sentencing should remain intact during this step. *Id.* The second step is

2

for the court to decide whether, in its discretion, it will impose the newly calculated sentence or retain the original sentence. *Id.* at 781.

Although Adams, who was sentenced under the May 2008 Guidelines Manual, qualified as a career offender under U.S.S.G. § 4B1.1, his otherwise applicable offense level under the Drug Quantity Table was higher than that provided by the career offender provisions. Specifically, the presentence investigation report held Adams responsible for 211.4 grams of crack cocaine, 1,231.8 grams of powder cocaine, and 1,629.1 grams of marijuana, which converted to a marijuana equivalency of 4,476 kilograms. Based on the total drug quantity, under the 2008 Guidelines his initial base offense level was 34, which was reduced to 32 because his offense involved crack cocaine and one or more other controlled substances. After a two-level increase for possession of a dangerous weapon, his adjusted offense level became 34, which was higher than the career offender level of 32, and thus the drug quantity controlled. The district court subsequently granted him a three level reduction for acceptance of responsibility, lowering his final offense level to 31. With a criminal history category of VI, his guidelines range was 188 to 235 months' imprisonment.

Although we agree that the district court mistakenly concluded that Adams was sentenced as a career offender, we nonetheless affirm the denial of Adams's § 3582(c)(2) motion because Amendment 750 does not operate to change his

3

guidelines range from his original sentencing.  *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (explaining that we may affirm for any reason supported by the record).  Under the amended guidelines, the quantities of crack cocaine, powder cocaine, and marijuana for which Adams was responsible are equivalent to, respectively, 754.9 kilograms of marijuana, 246.4 kilograms of marijuana, and 1.6 kilograms of marijuana, for a total of 1,002.9 kilograms of marijuana.[1]   Under the Drug Quantity Table as amended by Amendment 750, a base offense level of 32 applies to offenses such as Adams's involving 1,000 kilograms or more, but less than 3,000 kilograms, of marijuana.  *Id.* § 2D1.1(c)(4) (2011).  *See* U.S.S.G. § 2D1.1(c)(4).  After the 2-level increase for possession of a dangerous weapon and 3-level reduction for acceptance of responsibility are reapplied, Adams's offense level becomes 31.  Adams no longer receives a two-

---

[1] The May 2008 Guidelines provided that when a defendant's offense involved different controlled substances, his combined offense level was determined by converting each of the drugs to its marijuana equivalent, adding the quantities, and looking up the total in the Drug Quantity Table.  U.S.S.G. § 2D1.1, comment. (n.10(B)) (2008).  If his offense involved crack cocaine and one or more other controlled substance, then his combined offense level was reduced by two levels.  *Id*. § 2D1.1, comment. (n.10(D)) ("former subdivision (D)").

Amendment 750 to the Sentencing Guidelines makes permanent the temporary emergency Amendment 748.  U.S.S.G. App. C, Amends. 750, 759.  Amendment 748 lowered the marijuana equivalency for crack cocaine, from 20 kilograms of marijuana per 1 gram of crack cocaine, to 3,571 grams (*i.e.*, 3.571 kilograms) of marijuana per 1 gram of crack cocaine.  *Id*. App. C, Amend. 748; *id*. § 2D1.1, comment. (n.10(D)) (2011).  The marijuana equivalency for powder cocaine has remained at 200 grams of marijuana per 1 gram of powder cocaine.  *Compare id*. § 2D1.1, comment. (n.10(E)) (2008), *with* id. § 2D1.1, comment. (n.10(D)) (2011).  As pointed out in the "Reason for Amendment," Amendment 748 also deleted the former subdivision (D) to Comment 10, and re-designated subdivision (E), the Drug Equivalency Table, as subdivision (D).  *Id*. App. C, Amend. 748.  Thus, the amended guidelines no longer provide a two-level reduction as previously provided in former subdivision D.

4

level reduction under the former subdivision (D) of comment 10 to § 2D1.1, which was deleted by Amendment 748. *See* U.S.S.G. App. C, Amend. 748. Accordingly, Adams's offense level remains 31 and his guidelines range remains 188 to 235 months' imprisonment. *See id*. Ch. 5, Pt. A, Sentencing Table.[2]

**AFFIRMED.**

---

[2] Adams additionally argues that the district court's denial of his § 3582(c)(2) motion violated his equal protection rights, and also suggests that the denial violated his Eighth Amendment rights. To the extent that Adams is asserting that his original sentence violated the Eighth Amendment, constitutional challenges to a defendant's sentence are the sort of "extraneous" issues that are not cognizable under § 3582(c)(2) and must be pursued through a 28 U.S.C. § 2255 motion to vacate. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000). To the extent that Adams is arguing that he was denied equal protection under the Fair Sentencing Act, we have held that Congress is not required, in enacting provisions that mitigate the effect of a prior sentencing provision, to provide a retroactive benefit to all persons affected by the prior provision. *See United States v. Sorondo*, 845 F.2d 945, 947-48 (11th Cir. 1988). In any event, Adams does not specify what group is the beneficiary of favorable treatment or establish that he would benefit from being sentenced under the amended guidelines.