[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 12-11630; 12-11898
Non-Argument Calendar

_____

D.C. Docket No. 3:93-cr-00201-HES-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IKE FLORENCE, JR.,
a.k.a. Big Ike,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(January 10, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Ike Florence, Jr., represented by counsel, appeals the district court's refusal to further reduce his sentence when it granted, in part, and denied, in part, his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.[1]  He argues that the court improperly applied the career offender offense level provision and instead, should have further reduced his sentence.[2]

In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).  "Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion."  *Id.* at 984 n.1. A district court abuses its discretion in a § 3582(c)(2) proceeding if it fails to apply the proper legal standard or to follow proper procedures in making its determination.  *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010) (internal quotation marks omitted).  We may affirm the district court's decision on

---

[1]  Florence designated only the denial of his 2011 § 3582(c)(2) motion in his notice of appeal, so we  lack jurisdiction to consider the merits of any of his earlier § 3582(c)(2) motions. *See* Fed.R.App.P. 3.1(a), (c)(1)(B).

[2]  By failing to present argument regarding his motion for reconsideration in his initial brief, Florence has abandoned any challenge in that respect on appeal because a party seeking to raise a claim or issue on appeal must raise it "plainly and prominently" or the issue is deemed abandoned.  *United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).

2

any basis supported by the record.  *United States v. Acuna-Reyna*, 677 F.3d 1282, 1284 (11th Cir.), *cert. denied*, 133 S. Ct. 342 (2012).

A district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2).  Parts A and C of Amendment 750 to the Guidelines may serve as the basis for a sentence reduction.  U.S.S.G. § 1B1.10(c).  A proceeding under § 3582(c)(2) and § 1B1.10 does not constitute a full resentencing, and the district court must maintain all original sentencing determinations, with the sole exception of applying the relevant amended guideline range.  *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).  The policy statement for this type of sentence reduction provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."  U.S.S.G. § 1B1.10(b)(2)(C).

District courts must engage in a two-part analysis when considering § 3582(c)(2) motions.  *Bravo*, 203 F.3d at 780.  First, a court must recalculate the applicable guideline range, using the amended guideline provisions.  *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).  Second, the court then must decide, in its discretion, whether to retain the existing sentence or impose a reduced sentence, within the new range, considering the § 3553(a) factors as well

3

as public safety. *Id.* (citing U.S.S.G. § 1B1.10, cmt. 1(B)).

At the latter stage, "a district court commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). In *Eggersdorf*, we found sufficient the district court's order stating that it had reviewed the § 3582(c)(2) motion, the government's response in opposition, the record, and was "otherwise duly advised." *Id.* at 1322-23. We noted that the motion and response had discussed matters that were relevant to the § 3553(a) factors. *Id.* at 1323.

While the two steps are required, the court is *not* required to reduce the defendant's sentence at all, even if the defendant is eligible under § 3582(c)(2), because that sentence determination is discretionary. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment [under 3582(c)(2)] is unambiguously discretionary.")

Amendment 750 to the Sentencing Guidelines, which was made retroactively applicable by Amendment 759, became effective on November 1, 2011. This amendment made permanent the temporary emergency

4

Amendment 748, which revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010. *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759. As a result of these amendments, under § 2D1.1(c), after incorporating the enhancements and reductions that Florence received, a total offense level of 34 is assigned in cases involving the marijuana equivalent of the 700 grams of powder cocaine and 700 grams of crack cocaine for which he was convicted—which falls into the category of at least 1,000 kilograms but less than 3,000 kilograms of marijuana. *See* U.S.S.G. § 2D1.1(c)(4) (2011). This represents a decrease of two levels from 2008, when the court reduced Florence's sentence under § 3582(c)(2).

The Federal Sentencing Guidelines provide enhanced punishment for defendants who, at the time of their sentencing for a violent felony, have two or more prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Defendants who fall within that category are considered "career offenders," assigned a category VI criminal background, and are subject to offense-level enhancements determined by the severity of the current offense. *Id.* The current career offender base offense level for convictions carrying a statutory maximum of life imprisonment is 37. U.S.S.G. § 4B1.1(b)(1).

In *United States v. Moore*, 541 F.3d 1323, we held that defendants

5

sentenced as career offenders under § 4B1.1 were not entitled to § 3582(c)(2) sentence reductions because calculation of their guideline ranges did not involve the base offense levels under § 2D1.1. *Id.* at 1327-28. In *Freeman v. United States*, 564 U.S. __, 131 S. Ct. 2685, 180 L. Ed. 2d. 519 (2011), which did not address career offenders, the U.S. Supreme Court concluded, in a plurality opinion, that when a district court accepted a Rule 11(c)(1)(C) plea based on the sentencing guidelines, the defendant was eligible to request a sentence reduction pursuant to § 3582(c)(2) if a retroactive amendment later lowered the applicable guideline range. *Id.* at __, 131 S. Ct. at 2695. *See also Marks v. United States*, 430 U.S. 188, 193, 97 S. Ct. 990, 993, 51 L. Ed. 2d 260 (1977) (finding that, when a Supreme Court decision lacks a majority opinion, "the holding of the Court may be viewed as the position taken by those Members who concurred in the judgments on the narrowest grounds") (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n. 15, 96 S. Ct. 2909, 2923 (1976)). We held in *United States v. Lawson*, 686 F.3d 1317 (11th Cir.), *cert. denied*, 133 S. Ct. 568 (2012), that *Moore* remains binding precedent in this Circuit because it was not overruled by *Freeman*, as that case did not address defendants whose total offense levels were calculated according to the career offender provision, so *Freeman* was not "clearly on point" with the issue in *Moore*. *See id.* at 1320-21.

6

Even if we assume, *arguendo*, that Florence was eligible for relief here, we conclude that his appeal is meritless.  Because the decision whether to reduce an eligible defendant's sentence under § 3582 is entirely discretionary, and there is no indication that the court abused its discretion, Florence's challenge to the extent of the reduction that he received fails.  First, the record shows that the court recalculated his base offense level, apparently relying on the probation officer and the government's representation that the correct guidelines provision was now the career offender[3] provision because it yielded a higher base offense level than the amended § 2D1.1, then incorporated the relevant enhancements and reductions, to reach an amended offense level of 35.  The court also properly concluded that Florence's amended guideline range was 292 to 365 months, which was lower than his pre-amendment range of 324 to 405 months, so he was eligible for a reduction under § 3582(c)(2).  2011 Federal Sentencing Guidelines, Sentencing Table; *see Williams*, 557 F.3d at 1256.

Second, even if a defendant is eligible for a reduction under § 3582, the court's decision regarding whether to reduce his sentence at all is entirely

---

[3] The government now contends that Florence was sentenced as a career offender and notes that career offenders are not eligible for § 3582(c)(2) reductions.  We find it unnecessary to address this contention, however, in light of our present disposition and the government's failure to cross-appeal.

discretionary. *James*, 548 F.3d at 984 n.1; *Vautier*, 144 F.3d at 760.  There is no indication here that the court acted unreasonably or abused its discretion by failing to apply the proper legal standard or to follow the proper procedures.  *Jules*, 595 F.3d 1239, 1241-42.  Although the court did not expressly discuss the § 3553(a) factors or public safety, it mentioned both parties' arguments and the probation office's supplemental memo, all of which discussed various § 3553(a) factors.  This satisfies step two of the required § 3582(c)(2) analysis.  *See Eggersdorf*, 126 F.3d at 1322.

While Florence argues that the court erred by not reducing his sentence to less than 292 months or time served, the court could not have sentenced him to any less than 292 months, as that was the bottom of the amended guideline range.  We have held that a court may not reduce a defendant's sentence below the amended range unless the defendant has received the benefit of a substantial assistance motion filed by the government, which Florence did not.  *United States v. Liberse*, 688 F.3d 1198 (11th Cir. 2012).

For the aforementioned reasons, we affirm the district court's order refusing to further reduce Florence's sentence.

**AFFIRMED.**

8