[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11177
Non-Argument Calendar
_____

D.C. Docket No. 3:93-cr-00201-HES-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IKE FLORENCE, JR.,
a.k.a. Big Ike,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 18, 2013)

Before DUBINA, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Ike Florence, Jr., proceeding *pro se*, appeals the district court's denial of his *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. Florence is currently serving a 292-month sentence for his conviction for conspiracy to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. § 846.

At his original sentencing in 1994, the district court found that Florence was a career offender; however, because his total offense level under U.S.S.G. § 2D1.1 was greater than his total offense level under U.S.S.G. § 4B1.1, the court sentenced Florence pursuant to the § 2D1.1 guidelines. Florence received a 360-month sentence based on the district court's findings that he had a total offense level of 38, a criminal history category of VI, and a guideline range of 360 months to life.

In 2008, Florence filed a *pro se* § 3582(c)(2) motion requesting relief pursuant to Amendment 706 to the Sentencing Guidelines. The district court reduced Florence's sentence to 324 months and found that his amended offense level was 36, his criminal history category was VI, and his amended guideline range was 324 to 405 months.

In 2011, Florence filed a *pro se* § 3582(c)(2) motion requesting relief pursuant to Amendment 750, which would decrease his total offense level to 34 under § 2D1.1. The government argued that the court must apply its previous career-offender decision, which resulted in a higher offense level of 35 and an

2

amended guideline range of 292 to 365 months under § 4B1.1.  Florence's appointed counsel noted that the sentencing court originally had sentenced Florence based on his § 2D1.1 offense level.  Thus, because § 3582(c)(2) provided for a modification of sentence, rather than a complete resentencing, the court could not resentence him under the career-offender guideline.  Therefore, his amended offense level under § 2D1.1 should be 34, and his amended guideline range should be 262 to 327 months.  The court amended Florence's offense level to 35, calculated his amended guideline range to be 292 to 365 months, and reduced his sentence to 292 months or time served, whichever was greater.

Florence appealed and argued that the district court erred by denying in part his request for Amendment 750 relief because the correct total offense level was 34, calculated from the § 2D1.1 calculations, not 35, from the § 4B1.1 calculations, as his original sentence was based on his § 2D1.1 guideline range.  We affirmed, concluding that the district court correctly calculated Florence's amended guideline range as 292 to 365 months.  *See United States v. Florence*, 503 F. App'x 796, 797-99 (11th Cir. 2013) (unpublished).  We also held that the district court did not abuse its discretion by sentencing Florence to 292 months because it was not permitted to vary below the low end of the guideline range, and it considered the 18 U.S.C. § 3553(a) factors.  *See id.* at 800.

In February 2013, Florence filed another *pro se* § 3582(c)(2) motion requesting relief pursuant to Amendment 750, arguing that, despite the law-of-the-case doctrine, he could refile his § 3582(c)(2) motion to prevent a manifest injustice because we had not considered on appeal the issues he raised in his original *pro se* § 3582(c)(2) motion from 2011.  He also argued that *United States v. Adams*, 503 F. App'x 778 (11th Cir. 2013) (unpublished), which we decided the day prior to deciding his appeal, proved that the court erred in denying his § 3582(c)(2) motion.  The district court denied Florence's motion.

In the instant appeal, Florence argues that the district court erred by not considering the merits of his most recent § 3582(c)(2) motion and that the manifest injustice exception to the law-of-the-case doctrine applies.  He asserts that, in his previous § 3582(c)(2) appeal, he was prevented from seeking our review of whether the district court had erred by recalculating his sentence under the career-offender guideline because his counsel abandoned the issue on appeal, and one day earlier in *Adams* we had "decided in favor of the claim omitted by counsel."  He also argues that the district court wrongly decided his § 3582(c)(2) motion on the grounds that we had rejected his claim that he was sentenced as a career offender, when in fact we had never reached the issue.

We review for abuse of discretion a district court's decision not to reduce a sentence pursuant to § 3582(c)(2).  *United States v. Moreno*, 421 F.3d 1217, 1219

4

(11th Cir. 2005).  A district court errs if it fails to apply the law-of-the-case doctrine and does not follow our mandate.  *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 2003).  We review the district court's application of the law-of-the-case doctrine *de novo*.  *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005).

Under the law-of-the-case doctrine, "an issue decided at one stage of a case is binding at later stages of the same case."  *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).  Our decisions bind all subsequent proceedings in the same case as to explicit rulings and issues necessarily decided by implication on the prior appeal.  *Tamayo*, 80 F.3d at 1520.  There are three exceptions to the law-of-the-case doctrine: (1) the evidence in a subsequent trial is substantially different; (2) there is a change in controlling law; or (3) the prior decision was clearly erroneous and would work manifest injustice.  *Escobar-Urrego*, 110 F.3d at 1561.

Pursuant to § 3582(c)(2), a district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

To determine a base offense level for an offense that involved different controlled substances, the Guidelines provide that each substance is to be converted to its marijuana equivalent, the quantities are to be added together, and then the offense level is to be determined based on reference to the Drug Quantity Table. *See* U.S.S.G. § 2D1.1, comment. (n.8(B)) (2012). Amendment 750, which applies retroactively, equated 1 gram of crack cocaine to 3,571 grams of marijuana. U.S.S.G. App. C, amend. 750 (2011); U.S.S.G. § 2D1.1, comment. (n.8(D)). Amendment 750 did not amend the marijuana equivalency for powder cocaine or heroin. U.S.S.G. App. C., amend. 750. One gram of powder cocaine is equivalent to 200 grams of marijuana, and 1 gram of heroin is equivalent to 1 kilogram of marijuana. U.S.S.G. § 2D1.1, comment. (n.8(D)). After Amendment 750, a defendant's base offense level is 32 if he was held accountable for at least 1,000 kilograms, but less than 3,000 kilograms, of marijuana. U.S.S.G. § 2D1.1(c)(4) (2012).

A career offender's base offense level is determined by using either the offense level which would ordinarily apply under Chapters Two and Three or, if it results in a higher offense level, the table in § 4B1.1(b). U.S.S.G. § 4B1.1(b). A career offender whose offense carried a statutory maximum sentence of life has a base offense level of 37 pursuant to the § 4B1.1(b) table. *Id.* § 4B1.1(b)(1).

6

The Supreme Court has held that a sentencing adjustment, pursuant to § 3582(c)(2), does not authorize a resentencing proceeding. *Dillon v. United States*, 560 U.S. ___, ___, 130 S. Ct. 2683, 2690-91 (2010) (providing that § 3582(c)(2) instead permits a modification by giving courts the power to reduce a sentence within the narrow bounds established by the Sentencing Commission). A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000). First, the court must recalculate the defendant's sentence by "substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* at 780. In other words, the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time that the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Under the second step, the court must decide whether, in its discretion and in light of the § 3553(a) factors, to retain the original sentence or to resentence the defendant under the amended guideline range. *Bravo*, 203 F.3d at 781.

In January 2013, we affirmed the district court's order partially granting and partially denying Florence's § 3582(c)(2) motion based on Amendment 750, which he filed in 2011. We rejected Florence's claim that the district court should have further reduced his sentence pursuant to Amendment 750, and that decision is now

7

the law of the case.  Thus, the district court did not abuse its discretion by denying

Florence's 2013 motion requesting the same relief.  Further, Florence has not

shown that he would suffer a manifest injustice, as *Adams* does not demonstrate

any clear error in our *Florence* decision, and we considered his argument regarding

the correct guideline provision in his prior appeal.  Accordingly, we affirm the

district court's order denying Florence's motion to reduce sentence.

**AFFIRMED.**