[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2012
JOHN LEY
CLERK

_____

No. 11-10428

_____

D. C. Docket No. 1:10-cr-00402-WSD-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS ACUNA-REYNA,
a.k.a. Rudy Solano-Palacios,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 25, 2012)

Before CARNES, PRYOR and RIPPLE,* Circuit Judges.

_____

*Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting
by designation.

PRYOR, Circuit Judge:

This appeal presents the issue whether a sentencing court may assess a criminal history point for an uncounseled misdemeanor conviction where the defendant was sentenced to probation and a monetary fine. Jorge Acuna-Reyna appeals his sentence of imprisonment of 27 months for illegal reentry after deportation, 8 U.S.C. § 1326(a), (b)(1), and argues that the district court should not have assessed a criminal history point for his previous misdemeanor conviction for driving under the influence because he was not represented by counsel when he was convicted of that offense. The government argues that the right to counsel did not attach during Acuna-Reyna's prosecution for that misdemeanor offense because he was sentenced to probation and a monetary fine, but not imprisonment. In the alternative, the government contends that, even if the imposition of a sentence of probation violated Acuna-Reyna's right to counsel, under the Sixth Amendment, the sentencing judge was entitled to assess the criminal history point for the monetary fine because that portion of the sentence remained valid. We agree with the alternative argument of the government and need not address whether Acuna-Reyna's sentence of probation violated the Sixth Amendment. We affirm Acuna-Reyna's sentence for illegal reentry after deportation.

## I. BACKGROUND

Jorge Acuna-Reyna is a citizen of Peru who entered the United States illegally in 1998. Between 2001 and 2010, various Georgia courts convicted Acuna-Reyna of multiple criminal offenses, including felony cocaine possession, driving under the influence of alcohol, driving without a valid license, driving with a suspended license, and eluding examination by federal immigration officers. One of these convictions occurred in 2002, when Acuna-Reyna pleaded guilty to driving under the influence of alcohol, a misdemeanor offense, and received a sentence of 12 months of probation and a fine of $940.00. There is no evidence that Acuna-Reyna was represented by counsel or that he waived his right to counsel in connection with that conviction.

In 2008, an immigration judge ordered Acuna-Reyna removed from the United States. The government deported Acuna-Reyna to Mexico, but Acuna-Reyna reentered the United States in violation of the judge's removal order without permission.

In 2010, Immigration and Customs Enforcement agents located Acuna-Reyna in Georgia after local law enforcement officers had arrested him for driving without a valid license and driving under the influence. A federal grand jury indicted Acuna-Reyna on one count of being found in the United States

illegally after having been previously deported, 8 U.S.C. § 1326(a), (b)(1). Acuna-Reyna pleaded guilty to this charge.

The presentencing investigation report calculated Acuna-Reyna's sentence in accordance with sections 4A1.1 and 4A1.2 of the Sentencing Guidelines. See U.S.S.G. §§ 4A1.1(c), 4A1.2. The report listed Acuna-Reyna's total offense level as 10, his total number of criminal history points as 10, his criminal history category as V, and his advisory guideline range as 21 to 27 months of imprisonment. That calculation of Acuna-Reyna's total criminal history points included the assessment of one point attributable to the uncounseled misdemeanor conviction he received in 2002. The assessment of that point had the effect of increasing his criminal history category from IV to V and increasing his advisory guideline range from 15 to 21 months of imprisonment to 21 to 27 months of imprisonment.

Acuna-Reyna objected to the assessment of the criminal history point attributable to his misdemeanor conviction in 2002 on the ground that it was uncounseled. At his sentencing hearing, Acuna-Reyna argued that his misdemeanor conviction was presumptively void because he was not offered assistance of counsel and the probation sentence he received for that conviction could have resulted in an actual deprivation of liberty. The government did not

4

dispute that the misdemeanor conviction was uncounseled, but argued that the right to counsel does not attach where a defendant receives a stand-alone sentence of probation for a misdemeanor conviction. The district court assessed a criminal history point for Acuna-Reyna's uncounseled misdemeanor conviction, see U.S.S.G. § 4A1.2, because no prison sentence had been imposed in connection with the conviction. The court sentenced Acuna-Reyna to 27 months of imprisonment.

## II. STANDARD OF REVIEW

We review the issues presented in this appeal de novo. "We review de novo the district court's interpretation and application of the United States Sentencing Guidelines." United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997). "We may affirm the decision of the district court on any ground that finds support in the record." United States v. Campa, 529 F.3d 980, 998 (11th Cir. 2008). "We review questions of constitutional law de novo." United States v. Paige, 604 F.3d 1268, 1275 (11th Cir. 2010).

## III. DISCUSSION

Acuna-Reyna argues that his uncounseled misdemeanor conviction for driving under the influence is void and cannot be counted in calculating his criminal history score under the Sentencing Guidelines. Acuna-Reyna relies on

5

Alabama v. Shelton, 535 U.S. 654, 662, 122 S. Ct. 1764, 1770 (2002), to support his argument that the mere threat of incarceration in a future proceeding to revoke his probation entitled him to counsel. The government responds that the right to counsel under the Sixth Amendment did not apply to Acuna-Reyna's misdemeanor conviction because Acuna-Reyna did not receive a sentence of imprisonment, suspended or otherwise, but instead received a sentence of probation only. See United States v. Pollard, 389 F.3d 101, 105–06 (4th Cir. 2004) (holding that the right to counsel does not attach where misdemeanor conviction results in a sentence of probation only); United States v. Perez-Macias, 335 F.3d 421, 427–28 (5th Cir. 2003) (same). In the alternative, the government contends that we need not decide this constitutional issue because the district court was permitted to assess one criminal history point for Acuna-Reyna's misdemeanor conviction regardless of whether Acuna-Reyna was entitled to have counsel represent him in connection with that conviction. We agree with the alternative argument of the government that, regardless of whether the stand-alone probation sentence was imposed in violation of the Sixth Amendment, the district court did not err when it assessed one criminal history point for Acuna-Reyna's misdemeanor conviction.

The Supreme Court has recognized that "cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the

injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests," such as "the necessity for preserving society's interest in the administration of criminal justice." United States v. Morrison, 449 U.S. 361, 364–65, 101 S. Ct. 665, 667–68 (1980). In the light of that rule, four of our sister circuits have held that, when a sentence is imposed in violation of a defendant's Sixth Amendment right to counsel, "the proper remedy [is] to vacate that portion of the sentence offensive to the Sixth Amendment without doing harm to the defendant's conviction or the remaining, constitutionally inoffensive, portions of his sentence." United States v. Jackson, 493 F.3d 1179, 1183 (10th Cir. 2007); see also United States v. Ortega, 94 F.3d 764, 769 (2d Cir. 1996) ("The appropriate remedy for a [Sixth Amendment] violation . . . is vacatur of the invalid portion of the sentence, and not reversal of the conviction itself."); United States v. Moskovits, 86 F.3d 1303, 1309 (3d Cir. 1996) (vacating prison sentence but affirming uncounseled conviction); United States v. White, 529 F.2d 1390, 1394 (vacating suspended prison sentence but affirming uncounseled conviction and $50 fine). We agree with that approach.

Shelton is instructive. Shelton involved "the Sixth Amendment right of an indigent defendant charged with a misdemeanor punishable by imprisonment, fine, or both, to the assistance of court-appointed counsel." Shelton, 535 U.S. at 657,

7

122 S. Ct. at 1767. The trial court "at no time offered [the defendant] assistance of counsel at state expense," and after representing himself, the defendant was convicted of third-degree assault and sentenced to thirty days in jail, "which the trial court immediately suspended, placing [the defendant] on probation for two years." Id. at 658, 122 S. Ct. at 1767–68. The Supreme Court held that "a suspended sentence that may end up in the actual deprivation of a person's liberty may not be imposed unless the defendant was accorded the guiding hand of counsel in the prosecution for the crime charged." Id., 122 S. Ct. at 1767 (internal quotation marks and citation omitted). The Supreme Court affirmed in entirety the decision of the Alabama Supreme Court to "affirm[] Shelton's conviction and the monetary portion of his punishment, but invalidate[] that aspect of his sentence imposing 30 days of suspended jail time." Id. at 659–60, 122 S. Ct. at 1768.

Even if we assume that, under Shelton, the Sixth Amendment barred the imposition of a stand-alone sentence of probation in connection with Acuna-Reyna's uncounseled misdemeanor conviction, the remedy for that violation would be a vacatur of that portion of the sentence only. Acuna-Reyna's conviction for driving under the influence and the monetary fine that the court imposed for that conviction would remain valid, see Scott v. Illinois, 440 U.S. 367, 373, 99 S. Ct. 1158, 1162 (1979), and "an uncounseled conviction valid under Scott may be

8

relied upon to enhance the sentence for a subsequent offense," Nichols v. United States, 511 U.S. 738, 746–47, 114 S. Ct. 1921, 1927 (1994). So even if Shelton barred the district court from considering the stand-alone sentence of probation to calculate Acuna-Reyna's criminal history score, the district court was entitled to consider the conviction itself and corresponding monetary fine to be valid.

We join two of our sister circuits that have affirmed the assessment of criminal history points for a constitutionally valid portion of a sentence associated with an uncounseled misdemeanor conviction. See Ortega, 94 F.3d at 769–70; Jackson, 493 F.3d at 1183. In Ortega, a defendant objected to the assessment of a criminal history point attributable to an uncounseled misdemeanor conviction for which he had received a suspended sentence of imprisonment, a sentence of probation, and a monetary fine. 94 F.3d at 766, 768–69. The Second Circuit rejected the defendant's challenge and concluded that, even if his suspended prison sentence or his sentence of probation had violated his right to counsel, under the Sixth Amendment, the defendant's "conviction and the monetary portion of his sentence were clearly valid . . . and were properly considered in his criminal history . . . ." Id. at 768–70. Likewise, in Jackson, the defendant complained that the "federal district court charged with assessing an appropriate sentence for his participation in a conspiracy to distribute cocaine erred by considering his prior

9

uncounseled state misdemeanor sentences." 493 F.3d at 1179. The government conceded that a suspended prison sentence that the defendant had received for one of the misdemeanors had "violated the Sixth Amendment," but argued that "the conviction itself, together with the portion of the sentence imposing a fine, was both constitutional and sufficient to sustain the assessment of a criminal history point . . . ." Id. at 1181. The Tenth Circuit affirmed the assessment of the criminal history point, on the ground that the payment of a fine is a sentence "that . . . poses no Sixth Amendment problems and . . . may be employed as a sentencing enhancement." Id. at 1180, 1183.

The district court did not err when it assessed one criminal history point for Acuna-Reyna's uncounseled misdemeanor conviction. Section 4A1.1 of the Guidelines provides that one criminal history point should be assessed for a sentence of a fine imposed in connection with a conviction for driving under the influence of alcohol. See U.S.S.G. § 4A1.1(c), § 4A1.1 cmt. 3, § 4A1.1 cmt. background, § 4A1.2(c). The district court assessed one criminal history point attributable to Acuna-Reyna's misdemeanor conviction for which a fine had been imposed. We affirm the assessment of that point on the basis of Acuna-Reyna's monetary sentence alone.

## IV. CONCLUSION

10

We **AFFIRM** Acuna-Reyna's sentence of 27 months of imprisonment for illegal reentry after deportation.