[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11610
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00272-CG-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELTON DENARD DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 23, 2013)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Shelton Davis appeals his sentence of 168 months of imprisonment, imposed at the low end of the advisory guideline range, after pleading guilty to conspiracy to possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Davis makes two arguments on appeal. First, he argues that the government failed to prove he possessed a firearm as required to impose a two-level enhancement under the United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(b)(1) (2011). Second, he argues that the district court incorrectly calculated the length of several underlying sentences when determining his criminal history category. The government argues that Davis's argument about the firearm enhancement is precluded by the invited error doctrine and that each of Davis's arguments should be rejected based on United States v. Keene, 470 F.3d 1347 (11th Cir. 2006).

I.

We first consider Davis's firearm enhancement challenge. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) (quotation marks omitted). For example, in United States v. Thayer, 204 F.3d 1352 (11th Cir. 2000), we held that invited error precluded the defendant from challenging the admissibility of evidence on appeal because the

2

district court had affirmatively asked defense counsel if the admission of the evidence was acceptable and defense counsel replied that there was no objection. Id. at 1355.  Failing to object, in and of itself, "does not trigger the doctrine of invited error." United States v. Dortch, 696 F.3d 1104, 1112 (11th Cir. 2012). But, unambiguously agreeing with a course of action can trigger the invited error doctrine.  See id.; Thayer, 204 F.3d at 1355.

Here, we are unable to consider Davis's firearm enhancement challenge because he invited any error concerning that enhancement.  Defense counsel unambiguously agreed with the imposition of the firearm enhancement. Specifically, defense counsel informed the district court that the firearm issue had been resolved pursuant to an oral agreement with the government.  When Davis personally expressed disagreement with the firearm enhancement, the district court asked Davis if he wished to continue with the current arrangement.  Davis discussed his options with counsel, and his counsel stated, "Mr. Davis informed me that he wants to move forward today and go ahead with the sentencing." Accordingly, any error by the district court in regards to the firearm enhancement was invited by Davis, and we decline to review this claim on appeal.  See, e.g., Thayer, 204 F.3d at 1355.

3

II.

We next consider Davis's arguments regarding the district court's calculation of his criminal history category.  "We review de novo the district court's interpretation and application of the United States Sentencing Guidelines." United States v. Acuna-Reyna, 677 F.3d 1282, 1284 (11th Cir. 2012) (quotation marks omitted).  However, if a defendant has not preserved his objection, we review only for plain error.  See United States v. Olano, 507 U.S. 725, 732–36, 113 S. Ct. 1170, 1777–79 (1993).  We need not resolve which standard is proper as to this challenge, because Davis's argument fails under either standard.[1]

Davis's first argument regarding the district court's calculation of his criminal history category is that the district court erred in assigning two points toward criminal history for the 2003 misdemeanor listed in paragraph 42 of the Presentence Report.  However, U.S.S.G. § 4A1.1 calls for the addition of two points "for each prior sentence of imprisonment of at least sixty days," but not "exceeding one year and one month."  U.S.S.G. § 4A1.1 (2011).  When Davis's

---

[1] The government argues that our review of the district court's criminal history category calculations is limited by Keene, 470 F.3d at 1348–49.  In that case, this Court held that if a sentencing court clearly says that it would have given a defendant the same sentence even if it was wrong in overruling the defendant's objections to the guidelines range calculation we need only consider whether "the sentence imposed through the alternative or fallback reasoning of § 3553(a) [was] reasonable."  Id. at 1349.  When asked whether the court was "find[ing] . . . a reasonable sentence, even if there's been an error in the guideline calculations," the court responded that it was "given the guideline calculations based on the facts as presented by the parties at this time." (emphasis added).  The court's response was arguably ambiguous, but given our analysis of the merits of Davis's claim, we need not determine whether the court's statement was sufficiently clear to limit our review under Keene.

probation was revoked on this charge, he was sentenced to 75 days of incarceration, with 40 days jail credit.  In evaluating a defendant's criminal history we consider the "sentence pronounced, not the length of time actually served," U.S.S.G. § 4A1.2, comment. (n.2), and "look only to the language used in the sentencing court's judgments."  United States v. Glover, 154 F.3d 1291, 1295 (11th Cir. 1998).  We do not subtract Davis's 40 days of jail credit from his 75-day sentence.  See id. at 1295–96.  Therefore, Davis's total sentence of imprisonment for the 2003 misdemeanor in paragraph 42 was 75 days and the district court correctly assigned 2 points toward criminal history.  See U.S.S.G. § 4A1.1(b).

Davis's second argument is that the district court similarly erred in adding two points towards criminal history based on the 2005 misdemeanor addressed in paragraph 45.  This argument also fails.  When his probation was revoked on this charge, he was sentenced to 60 days imprisonment, with 5 days jail credit.  Therefore, his total sentence of imprisonment for purposes of the guidelines was 60 months, see Glover, 154 F.3d at 1295–96, and the district court correctly assigned 2 points toward criminal history, see U.S.S.G. § 4A1.1(b).

III.

For these reasons, Davis's sentence is **AFFIRMED.**

5