[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10417
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20577-MGC-2

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

EUGENIA WILLIAMS-HILL,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Eugenia Williams-Hill appeals her conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.[1]  Williams-Hill raises two issues on appeal.  First, she contends the district court erred by admitting evidence of her prior involvement in marijuana trafficking with Gary Williams and Robert Beneby in 2011.  Second, she argues the district court erred in denying her motion for a judgment of acquittal because the government did not offer sufficient evidence of her knowledge of the contents of the package purportedly containing cocaine.  Upon review, we affirm.[2]

The district court did not plainly err in admitting the testimony regarding Williams-Hill's marijuana trafficking in 2011 because these prior acts were admissible as inextricably intertwined intrinsic evidence.  *See United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (holding uncharged conduct is not "extrinsic" evidence subject to Federal Rule of Evidence 404(b) when it is

---

[1] Although the jury also convicted Williams-Hill for theft of mail matter by a postal service employee, in violation of 18 U.S.C. § 1709, she does not challenge that conviction on appeal.  We accordingly address only her drug conspiracy conviction.

[2] We review the admissibility of Gary's testimony about Williams-Hill's marijuana trafficking for plain error because Williams-Hill did not contemporaneously object to the evidence at trial.  *See United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011) (holding overruling of motion in limine does not suffice for preservation of objection on appeal).

We review the district court's denial of the motion for judgment of acquittal for a manifest miscarriage of justice because Williams-Hill failed to renew her motion at the end of all the evidence.  *See United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012).  To reverse under this standard, the government's proffered trial evidence as to a "key element" of the charged offense must be "so tenuous that the conviction is shocking."  *Id.* (alterations and quotation omitted).  We may affirm on any ground supported by the record.  *United States v. Acuna-Reyna*, 677 F.3d 1282, 1284 (11th Cir. 2012).

2

"inextricably intertwined with the evidence regarding the charged offense") (quotation omitted)).[3] The testimony pertained to prior acts necessary for the jury to understand the witness's account of Williams-Hill's involvement in the instant offense.   Based on Gary's testimony, Williams-Hill continued an existing role in 2013 that she began performing in 2011 as Beneby's and Gary's co-conspirator.  In this role, Williams-Hill intercepted and rerouted drug packages via her employment with the United States Postal Service.  Thus, Gary's testimony about the meeting at the Cheetah Club in 2011, where he first met Williams-Hill and learned of her role in the marijuana scheme, was necessary for the jury to understand Gary's account of the 2013 cocaine transaction in which Williams-Hill performed an identical role.  The prior acts formed an "integral and natural part of the witness's accounts," *id.* (quotation omitted), that were necessary for the jury to comprehend Gary's identification of Williams-Hill as the same mail carrier who participated in the 2011 and 2013 schemes.

Gary's testimony was not unfairly prejudicial under Federal Rule of Evidence 403.  *See id.* (holding inextricably intertwined evidence "must satisfy Rule 403").  The prior acts showed Gary's understanding of Williams-Hill's role in the conspiracy and explained why and how Williams-Hill helped Beneby and Gary

---

[3] Our finding that the evidence was intrinsic makes meritless Williams-Hill's claim that the Government failed to timely disclose the prior acts.  The Government's duty to provide pretrial notice of prior acts applied only to Rule 404(b) extrinsic evidence.  *See* Fed. R. Evid. 402(b)(2).

deliver the cocaine. The danger of unfair prejudice did not substantially outweigh the highly probative value of this evidence. As such, we conclude the district court did not err in admitting the evidence of Williams-Hill's participation in the 2011 marijuana trafficking scheme.[4]

We likewise hold the district court did not err in denying Williams-Hill's motion for acquittal because sufficient evidence existed for a reasonable juror to conclude she knew or was deliberately ignorant that the package contained cocaine. *See United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) ("A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." (quotation omitted)); *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000) ("[T]he knowledge element of a violation of a criminal statute can be proved by demonstrating either actual knowledge or deliberate ignorance."). Gary's testimony, Williams-Hill's presence in the Salvation Army parking lot with Beneby, the falsified delivery receipts, and the text messages discovered in Beneby's phone were sufficient for a jury to infer the requisite mens rea. *See*

---

[4] Williams-Hill challenges the prior acts evidence as incredible, untrustworthy, and speculative. This argument lacks merit because "credibility determinations are the exclusive province of the fact finder." *United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005). Williams-Hill also contends the prior acts were inadmissible because Gary spoke on the phone to a government agent during a trial recess. Williams-Hill has not, however, pointed to clearly-established, binding authority rendering the witness's testimony inadmissible. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving [the issue].").

*Friske*, 640 F.3d at 1291 (reviewing court in sufficiency of evidence challenge must draw "all reasonable inferences and credibility choices in the Government's favor" (quotation omitted)). The facts here are far from the sort of speculative or impermissible conclusion that is so tenuous as to render Williams-Hill's conviction shocking.

In light of the foregoing reasons, we affirm Williams-Hill's conviction.

**AFFIRMED.**