[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11334
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20744-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR ALBERTO TAVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 22, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Cesar Alberto Tavarez appeals his sentence of 60 months of imprisonment for conspiring to possess with intent to distribute 500 grams or more of cocaine. 21 U.S.C. §§ 841(b)(1)(B), 846. Tavarez argues that the district court erred by adding one point to his criminal history score based on a prior uncounseled misdemeanor conviction, United States Sentencing Guidelines Manual § 4A1.1(c) (Nov. 2013), which made him ineligible for relief under the safety valve, *id.* § 5C1.2(a)(1). The district court ruled that it could assess Tavarez one criminal history point because he was not entitled to have the assistance of counsel for a misdemeanor offense for which he received a sentence of probation and, alternatively, that one criminal history point could be assessed for Tavarez's monetary fine regardless of whether his sentence of probation was imposed in violation of the Sixth Amendment, *see United States v. Acuna-Reyna*, 677 F.3d 1282 (11th Cir. 2012). Because Tavarez fails to present any argument against the alternative finding by the district court, we affirm.

Tavarez contests the addition of one point to his criminal history based on his prior uncounseled conviction because his sentence of probation could have led to an actual deprivation of his liberty, but we need not address this argument because Tavarez fails to challenge the alternative finding by the district court. The district court assessed the criminal history point based on our decision in *Acuna-Reyna* where the defendant, like Tavarez, argued that he could not be assessed a

2

criminal history point based on a prior uncounseled misdemeanor conviction for which he was sentenced to probation. *Id.* at 1283–84. We avoided deciding that issue and held that, even assuming that the sentence of probation violated the defendant's right to counsel and could not be considered in determining his criminal history, his prior conviction and monetary fine were still valid and could be counted as a prior sentence under section 4A1.1(c) of the Sentencing Guidelines. *Id.* at 1285–86. Tavarez fails to challenge the alternative finding that, under *Acuna-Reyna*, his monetary fine counts as a prior sentence. We will not reverse a "judgment that is based on multiple, independent grounds, [unless] an appellant . . . convinces us that every stated ground for the judgment against him is incorrect," and Tavarez has abandoned any challenge that he could have made to the alternative ruling. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir.2014). For that reason, Tavarez's sentence "is due to be affirmed," *id.*

We **AFFIRM** Tavarez's sentence.