OWENS, Circuit Judge,
joined by O’SCANNLAIN, GOULD, TALLMAN, BYBEE, CALLAHAN, BEA, and M. SMITH, Circuit Judges, dissenting from the denial of rehearing en bane:
Michael Bryant likes to beat women. Sometimes he kicks them. Sometimes he punches them. Sometimes he drags them by their hair., He punched and kicked one girlfriend repeatedly, threw her to the floor, and even bit her. When he could not find his keys, he choked another woman to the verge of passing out. Although his violence varies, his punishment never does. Despite Bryant’s brutality — resulting in seven convictions for domestic violence— his worst sentence was a slap on the wrist: one year imprisonment, or what someone who “borrows” a neighbor’s People magazine from the mailbox on two separate *1045 occasions could face. See 18 U.S.C. § 1701 (retarding the passage of mail).
There are many, many men like Michael Bryant. And there are even more victims of men like Michael Bryant. American Indian and Alaska Native women are 2.5 times more likely to be raped or sexually assaulted than women in the United States in general. Att’y Gen.’s Advisory Comm, on Am. Indian/Alaska Native Children Exposed to Violence, Ending Violence so Children Can Thrive 38 (2014). In light of the grave problem of domestic violence on tribal lands, Congress stepped up by passing the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub.L. No. 109-162, tit. IX, § 909, 119 Stat. 2960, 3084 (codified at 18 U.S.C. § 117). Tailored to the unique problems and scenarios that American Indian and Alaska Native Tribes face, § 117(a) provides felony-level punishment for serial domestic violence offenders, and it represents the first true effort to remove these recidivists from the communities that they repeatedly terrorize.
Yet a panel has wiped this important statute off the books. It interprets the Sixth Amendment as prohibiting the use of an uncounseled misdemeanor conviction in a recidivist statute. The panel acknowledges the split it creates with the Eighth and Tenth Circuits.[1] The result is to cut the Navajo Nation in half when it comes to combating this plague, as the border between the Ninth and Tenth Circuits divides its land. The Michael Bryants in Utah and New Mexico face the music of § 117(a), while the Bryants in Arizona play musical chairs, moving from one brutal beating to the next with virtual impunity. This decision has torn a massive gap in the fragüe network that protects tribal women and their children from generations of abuse.
This decision creates another even larger split that the panel does not acknowledge. By holding that an unquestionably valid misdemeanor conviction is invalidated by the imposition of a prison sentence, the panel splits with every circuit to seriously consider this issue. The panel’s decision is clearly wrong, as the Supreme Court showed in Alabama v. Shelton: A prison sentence in these circumstances may be invalid, but the underlying misdemeanor conviction surely is not.[2]
Our justification for this legal and practical mess? United States v. Ant, 882 F.2d 1389 (9th Cir.1989), a case that my colleagues have described as “odd,” “illogical,” United States v. Bryant, 769 F.3d 671, 680-81 (9th Cir.2014) (Watford, J., concurring), and “regrettabl[e],” Ant, 882 F.2d at 1397 (O’Scannlain, J., dissenting). It was wrong when decided, and it is really wrong now.
Bryant’s victims are vulnerable enough, but this decision leaves them even worse off. It has stripped Congress and the American Indian and Alaska Native Tribes of the power to meaningfully punish the Bryants of the world and protect their victims from another beating (or worse). As our court has refused to take this case *1046 en banc, only the Supreme Court can rectify this terrible situation. I urge the Court to do so as soon as possible, before Michael Bryant, and the many more men like him, terrorize more women and their families.
For these reasons, I respectfully dissent from the denial of rehearing en banc in this case.

. United States v. Shavanaux, 647 F.3d 993, 997-98 (10th Cir.2011); United States v. Cavanaugh, 643 F.3d 592, 595, 604 (8th Cir.2011).

. Alabama v. Shelton, 535 U.S. 654, 661-62, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002); see also United States v. Acuna-Reyna, 677 F.3d 1282, 1284-85 (11th Cir.2012) (noting that Shelton "affirmed in entirety” the decision of the Alabama Supreme Court to invalidate part of Shelton’s sentence, but leave his misdemeanor conviction intact); United States v. Ortega, 94 F.3d 764, 769 (2d Cir.1996); United States v. Moskovits, 86 F.3d 1303, 1309 (3d Cir.1996); United States v. White, 529 F.2d 1390, 1394 & n. 4 (8th Cir.1976). But see United States v. Eckford, 910 F.2d 216, 218 (5th Cir.1990) (holding otherwise without the benefit of Nichols or Shelton); Bryant, 769 F.3d at 677.