[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11719
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20879-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILSON ANTONIO CHAVERRA GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Wilson Antonio Chaverra Gonzalez appeals *pro se* the denial of his motion to reduce his sentence, 18 U.S.C. § 3583(c)(2), under Amendment 782 of the Sentencing Guidelines. Gonzalez argues that the district court erroneously determined that it lacked the authority to reduce his sentence because his sentence had been reduced earlier based on a motion to reduce for substantial assistance filed by the government, Fed. R. Crim. P. 35. He also argues that the district court abused its discretion because it failed to weigh the relevant sentencing factors, 18 U.S.C. § 3553(a), in denying his motion. We affirm.

We review a denial of a motion to reduce a sentence under section 3582(c) *de novo*. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). And we may affirm on any ground supported by the record. *United States v. Acuna-Reyna*, 677 F.3d 1282, 1284 (11th Cir. 2012).

A district court may reduce the sentence of a prisoner who was sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Where an amendment does not lower a prisoner's applicable guideline range, section 3582(c) affords the prisoner no relief. *Id.*; U.S.S.G. § 1B1.10(a)(2)(B).

Although, as the government concedes, the district court erred when it determined that it lacked the authority to reduce Gonzalez's sentence because his sentence had been reduced earlier under Rule 35 for substantial assistance, *see*

2

U.S.S.G. § 1B1.10(b)(2)(B), (c), we affirm the denial of Gonzalez's motion because he is ineligible to have his sentence reduced under section 3582(c). Gonzalez was held accountable at sentencing for 911 kilograms of cocaine, which still results in a base offense level of 38. Amendment 782 did not lower his guideline range.

**AFFIRMED.**