[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11477
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20896-JAL-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUARTAVIOUS DAVIS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 4, 2017)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

After a limited remand for resentencing on one count of conviction, Quartavius Davis appeals the district court's denial of his motions, filed under Federal Rule of Criminal Procedure 12(b), challenging all sixteen counts of conviction.  After review, we affirm.

## I.  BACKGROUND FACTS

### A.    Convictions and Sentences

Davis was charged with the following sixteen counts: (1) two counts of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1 and 15); (2) seven counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 2, 4, 6, 8, 10, 13, and 16); (3) six counts of knowingly using and carrying a firearm during a crime of violence, and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts 3, 5, 7, 9, 11, and 17); and (4) one count of knowingly using and carrying a firearm during a crime of violence, and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count 14).  Each § 924(c) charge was premised on the preceding Hobbs Act robbery charge.

The conspiracy to commit Hobbs Act robbery charges in Counts 1 and 15 stated that Davis and his co-conspirators planned to take currency and other property "from the person and in the presence of persons employed by, and

persons patronizing, a business and company operating in interstate and foreign commerce" by means of actual and threatened force, violence, and fear of injury. Each of the Hobbs Act robbery charges in Counts 2, 4, 6, 8, 10, 13, and 16 stated that Davis and his co-conspirators took currency and other property "from the person and in the presence of persons employed by, and persons patronizing" various businesses that were "operating in interstate and foreign commerce" by means of actual and threatened force, violence, and fear of injury.

At trial, Davis stipulated that each of the Hobbs Act robberies affected interstate commerce.    The jury convicted Davis on all counts.  The district court imposed a total sentence of 1,941 months' imprisonment comprised of concurrent 57-month terms on Counts 1, 2, 4, 6, 8, 10, 13, 15 and 16, mandatory consecutive 300-month terms on Counts 5, 7, 9, 11, 14, and 17, and a mandatory consecutive 84-month term on Count 3.

## B.    First Direct Appeal

On direct appeal, Davis raised both trial and sentencing issues.  Ultimately, this Court, sitting en banc, affirmed Davis's convictions on all sixteen counts and all of his sentences except for his 84-month sentence on Count 3.  See United States v. Davis, 785 F.3d 498, 500 & n.2 (11th Cir. 2015) (en banc), reinstating in part, 754 F.3d 1205 (11th Cir. 2014).  Relevant to this appeal, one of the rulings by the panel was that the jury's finding of possession, rather than brandishing as to the

§ 924(c) offense charged in Count 3, supported only a lower mandatory minimum 60-month sentence, not the enhanced 84-month sentence imposed by the district court. Davis, 754 F.3d at 1220-21. The panel thus "vacated only that portion of the sentence attributable to the enhancement for brandishing." Id. at 1223.

The en banc court ruled on Fourth Amendment cell phone data issues, affirmed Davis's convictions, and reinstated the panel opinion that addressed the other issues in Davis's appeal. Davis, 785 F.3d at 500. In so doing, the en banc court reiterated that the panel's decision to affirm Davis's convictions and "vacate only that portion of the sentence attributable to the enhancement for brandishing" stood. Id. at 500 n.2, 518. This Court issued its mandate on May 21, 2015.

## C.    Remand and Rule 12(b) Motions

After the case was remanded to the district court, Davis contemporaneously filed his two motions pursuant to Rule 12(b) on March 9, 2016. The first motion sought to "vacate his convictions for Hobbs Act conspiracy and substantive offenses" on Counts 1, 2, 4, 6, 8, 10, 13, 15 and 16. Davis argued that these convictions were jurisdictionally infirm because the government had not proved with particularized evidence the interstate commerce element and that his stipulations at trial were legally and constitutionally inadequate to meet the government's burden of proof.

4

Davis's second motion sought the dismissal of all of his § 924(c) charges in Counts 3, 5, 7, 9, 11, 14, and 17.  Davis argued that those counts of the superseding indictment failed to charge § 924(c) offenses in light of the Supreme Court's intervening decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which Davis claimed necessarily invalidated § 924(c)(3)(B) as unconstitutionally vague.  In an endorsed order, the district court, among other things, denied both Rule 12(b) motions as beyond the scope of this Court's mandate and concluded that none of the exceptions to the mandate rule applied.

## D.    Resentencing

At resentencing, the district court stated that this Court's mandate was clear that the district court could only reduce Davis's sentence on Count 3 to the lower 60-month mandatory minimum sentence and that it was "not resentencing [Davis] on everything."  Davis asked the district court to disregard the statutory mandatory minimums for each count and to impose a total sentence of twenty years.  After hearing argument from the parties, the district court overruled Davis's objections and denied his request to impose sentences on all counts below the mandatory minimums.

The district court reiterated that it was limited by the mandate rule to comply with this Court's instructions on remand.  The district court noted that this Court had affirmed Davis's convictions except for "the finding of the seven-year

5

mandatory minimum under brandishing rather than the five-year mandatory minimum of possessing" a firearm. The district court determined that the § 924(c) convictions remained valid after Johnson. The district court noted that Johnson explicitly provided that it applied only to § 924(e)'s residual clause and did not draw into question other provisions with similar language. The district court also noted that neither this Court nor the Supreme Court had ruled that the language of § 924(c)(3)(B) was unconstitutionally vague. The district court reduced Davis's sentence on Count 3 to 60 months and re-imposed the original sentences on all the remaining counts, for a total sentence of 1,917 months' imprisonment.

## II.  DISCUSSION

On appeal, Davis does not raise any argument as to the district court's imposition of a 60-month sentence on Count 3. Instead, Davis challenges only the district court's denial of his two Rule 12(b) motions. For the reasons we will explain more fully below, we conclude that the district court properly denied both Rule 12(b) motions.[1]

### A.    Rule 12(b) Motion to Vacate Hobbs Act Robbery Convictions

---

[1]The parties vigorously dispute whether Davis's Rule 12(b) motions were timely and whether the district court properly applied the mandate rule. Davis contends that his motions were timely and could not be barred by the mandate rule because they raised jurisdictional defects in his indictment. The government responds that Davis's Rule 12(b) motions raised only non-jurisdictional issues. We need not address any of these issues, however, because Davis's claims in his Rule 12(b) motions lack merit in any event.

As to his nine Hobbs Act robbery convictions, Davis argues that the government neither alleged in the indictment nor proved at trial the interstate commerce element of Hobbs Act robbery.  Davis points out that his indictment alleged that he conspired to rob and robbed people employed by, and patronizing, various businesses.  Davis argues that such allegations do not satisfy the interstate commerce element of the offense.[2]

The Hobbs Act makes it a federal crime to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce by robbery. 18 U.S.C. § 1951(a).  "Robbery" is defined as the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."  Id. § 1951(b)(1).  "Commerce" is defined as, in part, "all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction."  Id. § 1951(b)(3).  The government need only establish a minimal impact on interstate commerce to support a violation

---

[2]"We review de novo the legal question of whether an indictment sufficiently alleges a statutorily proscribed offense, though a district court's denial of a motion to dismiss an indictment is reviewed for an abuse of discretion."  United States v. Seher, 562 F.3d 1344, 1356 (11th Cir. 2009).

of the Hobbs Act.  United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000).

Here, the nine Hobbs Act counts sufficiently charged that Davis's conduct had a minimal impact on interstate commerce.  Each count charged that Davis either conspired to take or took currency and other property "from the person and in the presence of persons employed by, and persons patronizing," a business.  The language in each count tracked the language of 18 U.S.C. § 1951, which defines "robbery" as the "unlawful taking of personal property from the person or in the presence of another."  See 18 U.S.C.  1951(b)(1).  In other words, both the employees and the patrons of the businesses were robbed and were present while others were robbed.  Moreover, the indictment specifically alleged that each targeted business was "a business and company operating in interstate and foreign commerce."  All of the substantive Hobbs Act robbery counts involved commercial establishments, such as a fast food restaurant, a drug store, or a gas station.  These allegations are sufficient to establish the requisite minimal effect on interstate commerce.  See e.g., Rodriguez, 218 F.3d at 1245 (involving the robbery of motel front desk clerks and explaining that "the interstate commerce connection

8

. . . is straightforward" when there is a "robbery of a commercial establishment engaged in interstate commerce).[3]

To the extent Davis contends the government did not prove the interstate commerce element at trial, Davis entered into a stipulation with the government that each business was "operating in interstate and foreign commerce" and that the robbery of each business "obstructed, delayed and affected interstate and foreign commerce." Moreover, the trial evidence showed that, in the presence of employees (and sometimes patrons), Davis and his conspirators took the property of each of the businesses, including store merchandise and currency from cash registers and safes. Accordingly, Davis's Rule 12(b) motion to vacate his nine Hobbs Act robbery convictions was due to be denied on the merits.

## B.     Rule 12(b) Motion to Dismiss § 924(c) Counts of Conviction

As to his seven § 924(c) convictions, Davis argues that those counts in his indictment were defective because, in light of Johnson v. United States, 576 U.S.

---

[3]Davis's reliance on Taylor v. United States, ___ U.S. ___, 136 S. Ct. 2074 (2016), is misplaced. Taylor addressed only "what the Government must prove to satisfy the Hobbs Act's commerce element when a defendant commits a robbery that targets a marijuana dealer's drugs or drug proceeds," and concluded that a robber who targets a drug dealer and robs or attempts to rob him of his drugs or drug proceeds "necessarily affects or attempts to affect commerce over which the United States has jurisdiction." 136 S. Ct. at 2077-78. The Supreme Court explicitly limited its holding to cases involving the robbery of drug dealers, stating "[w]e do not resolve what the Government must prove to establish Hobbs Act robbery where some other type of business or victim is targeted." Id. at 2082. Thus, Taylor says little about the commerce element when the Hobbs Act robberies occurred at commercial establishments. Perhaps most importantly for this case, the Supreme Court in Taylor reaffirmed its longstanding view that the statutory language of the Hobbs Act is "unmistakably broad" and reaches any obstruction, delay, or other effect on commerce, "even if small." See id. at 2079.

___, 135 S. Ct. 2551 (2015), those counts did not charge a § 924(c) offense. Specifically, Davis contends that his predicate Hobbs Act robberies: (1) do not qualify as crimes of violence under § 924(c)(3)(B)'s risk-of-force clause because Johnson's void-for-vagueness ruling extends to invalidate § 924(c)(3)(B)'s risk-of-force clause; and (2) do not categorically qualify as crimes of violence under § 924(c)(3)(A)'s use-of-force clause. For these two reasons, Davis contends the district court should have dismissed Counts 3, 5, 7, 9, 11 and 17. Both of Davis's arguments lack merit because this Court has already concluded in binding precedent that Johnson does not apply to or invalidate § 924(c)(3)(B), see United States v. Ovalles, 861 F.3d 1257, 1265 (11th Cir. 2017), and also that, in any event, Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), see In re Saint Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016).

1.  Johnson and § 924(c)(3)(B)

Davis was not sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the statute addressed in Johnson. Under the ACCA, a defendant who is convicted of an 18 U.S.C. § 922(g) firearm offense and has three prior convictions for a violent felony or serious drug offense is subject to an enhanced mandatory minimum sentence of fifteen years. See 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause of this definition is sometimes referred to as the "elements clause," while the second clause contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012). In Johnson, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague. Johnson, 135 S. Ct. at 2563.

Davis was convicted under § 924(c), which provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, a drug trafficking crime or a crime of violence. 18 U.S.C. § 924(c)(1)(A). For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A), (B).  The first clause is referred to as the "use-of-force clause,"

or the "elements clause," while the second clause is referred to as the "risk-of-force

clause."  Ovalles, 861 F3d at 1262.

This Court recently held that the Supreme Court's void-for-vagueness ruling

in Johnson does not invalidate § 924(c)(3)(B)'s risk-of-force clause.  Id. at 1265.

In doing so, we joined the Second, Sixth and Eighth Circuits, all of which have

held that Johnson does not apply to § 924(c)(3)(B).  Id. at 1263-65.  This Court

agreed with the reasoning of those courts that the "significant differences" between

the ACCA's residual clause and the risk-of-force clause under § 924(c)(3)(B)

makes § 924(c)'s crimes-of-violence definition more narrow that the definition of

violent felony under the ACCA.  See id. at 1263 (quoting United States v. Taylor,

814 F.3d 340, 376-77 (6th Cir. 2016)).  This Court also agreed that unlike § 924(c),

where courts are generally tasked with "considering contemporaneous predicate

federal crimes, often charged in the same federal indictment," the ACCA requires

federal courts to consider a defendant's prior crimes, which are often unrelated to,

and remote from, the instant § 922(g) firearm offense.  Id. at 1263-64.

This Court also emphasized the functional differences between § 924(c) and

the ACCA, explaining that the ACCA is a recidivist sentencing enhancement and

does not require a nexus between the § 922(g) firearm offense and the predicate

violent felony.  Id. at 1265.  Section 924(c), in contrast, requires a nexus between

12

the § 924(c) firearm offense and the predicate crime of violence.  Id. at 1265-66.

Further, § 924(c) has not presented the same interpretive difficulties as the

ACCA's residual clause because: (1) § 924(c)'s requirement that the "use" of the

"physical force" be against the person or property of another in the course of

committing the offense is focused on whether the defendant himself uses force

while committing the offense, rather than on whether the defendant's actions may

produce a potential risk of physical injury; (2) § 924(c)'s requirement that the risk

occur while the defendant is committing the firearm offense places a temporal

restriction on the potential scope of the risk; and (3) § 924(c)(3)(B) does not

contain the list of enumerated crimes that preceded the ACCA's residual clause

and therefore does not require courts to figure out the amount of risk necessary to

meet the statute.  Id.

Our decision in Ovalles forecloses Davis's argument that § 924(c)(3)(B) is

unconstitutionally vague in light of Johnson.  We note that Davis does not contend

that his Hobbs Act robberies do not qualify as crimes of violence under

§ 924(c)(3)(B)'s risk-of-force clause, only that the risk-of-force clause is invalid

after Johnson.  Because Johnson does not extend to § 924(c)(3)(B)'s risk-of-force

clause, we conclude that the district court properly denied Davis's Rule 12(b)

motion seeking to dismiss his § 924(c) counts based on Johnson.

   2.  Hobbs Act Robbery and § 924(c)(3)(A)

13

Alternatively, even if <u>Johnson</u> did render § 924(c)(3)(B)'s risk-of-force clause invalid, Davis's Hobbs Act robberies still qualify as crimes of violence under § 924(c)(3)(A)'s use-of-force clause.  <u>See</u> <u>In re Saint Fleur</u>, 824 F.3d 1337, 1341 (11th Cir. 2016).  Thus, Davis's Hobbs Act robberies remain crimes of violence under § 924(c)(3)(A), and his indictment sufficiently charged his seven § 924(c) offenses.  Accordingly, regardless of <u>Johnson</u>'s application, the district court properly denied Davis's Rule 12(b) motion to dismiss his § 924(c) counts of conviction.  <u>See</u> <u>United States v. Acuna-Rayna</u>, 677 F.3d 1282, 1284 (11th Cir. 2012) ("We may affirm the decision of the district court on any ground that finds support in the record." (quotation marks omitted)).

**AFFIRMED.**