[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11878
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00420-LMM-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO DE JESUS ANAYA-PLASCENCIA,
a.k.a. Humberto D. Anaya Plascencia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 20, 2018)

Before JORDAN, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Humberto Anaya-Plascencia challenges his six-month sentence for illegal reentry, in violation of 8 U.S.C. § 1326(a). He argues that the district court erred when calculating his criminal history category in considering his earlier guilty pleas for misdemeanors from 2012 and 2017.[1]

In 2012, Anaya pled guilty to driving without a license and driving under the influence of alcohol and received a two-day sentence with twelve months' probation and fines.  Anaya signed a Spanish-language waiver-of-rights form that included an attestation signed by the judge that "The defendant has knowingly, intelligently, and understandingly waived his rights, including . . . his right to be represented by an attorney."

Similarly, in 2017, Anaya again pled guilty to driving under the influence and driving without a license, and received a ten-day sentence with twelve months'

---

[1] The timing and nature of this appeal prompts us to address the likelihood that the case is moot, even though neither party confronted that possibility in the briefs. We note that Anaya challenges only his completed term of custody, and not his conviction or his one-year ongoing term of supervised release. Thus, he bears the burden of "identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision, otherwise the case is moot." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (citations omitted). A successful challenge to his term of custody would not automatically result in an earlier end to his supervised release. *United States v. Johnson*, 529 U.S. 53, 54 (2000) (holding that excess prison time should not be "credited to the supervised release term, reducing its length"). But "equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term," and the district court could use those equitable considerations to modify the conditions of his supervised release under 18 U.S.C. § 3583(e)(2). *Johnson*, 529 U.S. at 60. Under these circumstances, there is "an ongoing collateral consequence that is traceable to the challenged portion of the sentence," so the case is not moot. *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995); *United States v. Page*, 69 F.3d 482, 487 n.4 (11th Cir. 1995). We therefore proceed to reach the merits.

probation and a fine. The record includes an English-language "Defendant's Acknowledgement of Rights," which states, "I can ask the Court to appoint an attorney to represent me if I am indigent. Once I pay the application fee, I can complete an application for a court appointed lawyer. If the court determines that I meet the guidelines for indigence, it will appoint a lawyer to represent me." The form includes an attestation signed by the judge that "The Court finds further that the Defendant knowingly, voluntarily and intelligently waives: (a) all his/her Constitutional Rights enumerated above, [including] (b) The right to an attorney . . . ."

Anaya argues that there was no evidence in the records of those pleas that he was provided an interpreter. He also asserts that the translated language in the waiver-of-rights forms used at those pleas was confusing, and the language suggested that his right to court-appointed counsel had preconditions such as an "application fee." Thus, he insists, his pleas were uncounseled and therefore presumptively void. In his reply brief, he argues for the first time that even if we determine that harmless error occurred, remand is necessary for a finding as to whether his criminal history score overrepresents his criminal history or whether a downward variance would be appropriate.

We review questions of constitutional law *de novo*. *United States v. Acuna-Reyna*, 677 F.3d 1282, 1284 (11th Cir. 2012). District courts have discretion

3

to review the constitutional validity of a prior conviction for purposes of determining a defendant's criminal history score if the defendant "sufficiently asserts facts that show that the prior conviction is presumptively void," but such cases "are small in number" and may be limited to cases of uncounseled convictions. *United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc) (quotation marks omitted). However, a conviction obtained following a defendant's knowing, intelligent, and voluntary waiver of his right to counsel is not presumptively void. *United States v. Jackson*, 57 F.3d 1012, 1019 (11th Cir. 1995). The law ordinarily considers a waiver knowing, intelligent, and voluntary if the defendant fully understands the nature of the right and how it would likely apply in the circumstances, even if the defendant does not know the specific consequences of invoking it. *Iowa v. Tovar*, 541 U.S. 77, 92 (2004). In a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive that right. *Id.*

When a defendant has demonstrated a prior conviction is presumptively void, the appropriate remedy is to vacate the invalid portion of the sentence rather than to vacate the conviction itself or any constitutionally inoffensive portions of the sentence. *Acuna-Reyna*, 677 F.3d at 1284–85 (adopting the principle that "when a sentence is imposed in violation of a defendant's Sixth Amendment right to counsel, the proper remedy is to vacate that portion of the sentence offensive to

4

the Sixth Amendment without doing harm to the defendant's conviction or the remaining, constitutionally inoffensive, portions of his sentence").

"Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). This harmless error analysis applies to sentencing cases, and remand is unnecessary where we conclude, on the record as a whole, that the error was harmless. *Williams v. United States*, 503 U.S. 193, 202–04 (1992). We may affirm the decision of the district court on any ground supported by the record. *United States v. Campa*, 529 F.3d 980, 998 (11th Cir. 2008).

Here, Anaya-Plascencia fails to carry his burden of alleging sufficient facts to show that his waiver was not knowing, intelligent, or voluntary. Specifically, despite offering arguments and interpretations of the limited record available, he does not assert that a translator was not provided, that he did not understand the right-to-counsel clause in the Spanish-language waiver-of-rights form, that the Spanish-language waiver-of-rights form led him to believe he would not be able to receive counsel, or that the judges relied solely on the forms to advise him of his right to counsel.

Even if the pleas were presumptively void, however, the remedy in that situation would be vacatur of the confinement and probationary portions of the sentence rather than of the conviction as a whole. Because the convictions and

5

fines from those pleas would still count toward his criminal history score, his criminal history score would not change. Accordingly, we conclude that any error was harmless.

Although Anaya-Plascencia urges us to remand for factfinding as to whether, in light of any vacatur, his criminal history score overrepresents his criminal history or for finding whether a downward variance would be warranted, he abandoned that argument by failing to raise it in his initial brief. Where an appellant fails to offer argument on an issue in his initial brief, even if he raises it in a reply brief, it is abandoned. *United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004).

**AFFIRMED.**