[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14403
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cr-00172-AKK-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNIFER LYNN HOPPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 2, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Jennifer Lynn Hopper appeals her 168-month sentence, imposed after she pled guilty to one count of possession with intent to distribute 50 or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  She argues the sentencing court improperly included a prior uncounseled conviction in calculating her criminal history score under the U.S. Sentencing Guidelines.  She contends the assessment of criminal history points for a prior uncounseled conviction violates a defendant's Sixth and Fourteenth Amendment rights.

Hopper acknowledges this Court squarely rejected her argument in United States v. Acuna-Reyna, 677 F.3d 1282, 1285–86 (11th Cir. 2012), but asks us to reverse that holding.  Our panel cannot do so.  This Circuit's "prior-panel precedent rule requires subsequent panels of the court to follow the precedent of the first panel to address the relevant issue, unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court."  Scott v. United States, 890 F.3d 1239, 1257 (11th Cir. 2018) (quotation marks omitted).

Hopper has not pointed to any en banc or Supreme Court decision overruling Acuna-Reyna.  Instead, she has identified what she sees as flaws in Acuna-Reyna's analysis.  But we are not at liberty to depart from prior panel precedent because we might disagree with an earlier decision of our court.  See United States v. Lee, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018) (per curiam) (explaining the prior-panel precedent rule applies even if "a prior case was wrongly decided," "failed to

2

consider certain critical issues or arguments," or "lacked adequate legal analysis to support its conclusions").

In any event, we agree with the government that any error in scoring Hopper's prior uncounseled conviction was harmless.  See United States v. Monzo, 852 F.3d 1343, 1351 (11th Cir. 2017).  The District Court assigned one criminal history point to Hopper's prior uncounseled conviction, bringing her total criminal history points to 18.  Without it, Hopper would have had 17 criminal history points.  Under the Sentencing Guidelines, a defendant with 13 or more criminal history points is assigned a criminal history category of VI.  USSG Ch. 5, pt. A. Thus, even if the prior uncounseled conviction had not been scored, Hopper would have netted the same criminal history category.

**AFFIRMED.**